United States District Court
Southern District of Texas
**ENTERED**
January 24, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GUY WILLIAMS, | § | |
| | § | |
| Defendant-Petitioner, | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. H-00-0257-1 |
| | § | CIVIL ACTION NO. H-16-1728 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent. | § | |

**MEMORANDUM AND ORDER**

Federal inmate Guy Williams, representing himself, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Docket Entry No. 275). Williams was convicted for conspiracy to possess cocaine with the intent to distribute it, and with aiding and abetting the possession of cocaine with the intent to distribute, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1). He pleaded guilty to the indictment without a plea agreement. At sentencing on October 12, 2000, Williams received a 360-month prison term. He appealed, and the United States Court of Appeals for the Fifth Circuit dismissed the appeal as frivolous.

Williams filed a § 2255 motion challenging his conviction and sentence on July 15, 2002. (Docket Entry No. 202). The federal court denied that motion on November 20, 2002. (Docket Entry No. 207). He filed a second § 2255 motion on September 3, 2003. (Docket Entry No. 218). The federal court denied that second motion for lack of jurisdiction. (Docket Entry No. 221). On February 9, 2004, the court vacated its earlier order denying Williams's second motion and allowed him to file an amended § 2255 motion. (Docket Entry No. 227). Williams did so. (Docket Entry No. 228). On November 23, 2005, the court denied Williams's amended second § 2255 motion

because he had filed it too late and because it failed to state a meritorious claim for relief. (Docket Entry No. 240).

On June 15, 2016, Williams filed the present § 2255 motion, his third seeking to vacate, set aside, or correct his sentence. (Docket Entry No. 275). On July 7, 2016, the government moved to dismiss this § 2255 motion as an unauthorized repeated or successive petition. (Docket Entry No. 280). Williams has not responded to the government's motion to dismiss.

28 U.S.C. § 2255(h) states:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

This provision and 28 U.S.C. § 2244(b)(3)(A) bar a district court's jurisdiction over a repeated or successive habeas petition until the court of appeals has been asked to authorize, and has authorized, the district court to consider it. Because Williams's § 2255 motion is a repeated or successive motion, and because he has not asked for or obtained authorization from the United States Court of Appeals for this court to consider it, his motion must be dismissed.

The government's motion to dismiss, (Docket Entry No. 280), is granted. Williams's motion for leave to file memorandum, (Docket Entry No. 276), is granted. This civil action is dismissed.

SIGNED on January 24, 2017, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge